vs. Mlsna Dairy Supply. Mr. Hopkins. Good morning. Please accord, counsel. My name is Michael Hopkins. I represent the appellants, defendants, Mlsna Dairy Supply, and Phil Mlsna. This case was decided in the Western District of Wisconsin. The issue is whether or not the court views its discretion in failing to award attorney's fees to Mlsna at the conclusion of this case under Section 285. I should note that the court made a couple of errors in reaching its determination. First of all, the court did not recognize the use of the claimed invention at Drake's Dairy prior to the critical date as a Section 102B in validating public use. Did you argue that that was a ground for attorney's fees? Yes, sir. Where? In about 21 pages of our brief. When we asked for fees, we referred both to failure to disclose on obviousness grounds the Pooley System and failure to disclose the Drake Dairy. Which brief are we talking about here? I'm talking about the summary judgment brief. I'm talking about the request for attorney's fees. I thought, and I may be mistaken about this, I thought the request for attorney's fees was based on a theory of inequitable conduct. It was, and that was briefed at the summary judgment stage of the proceedings. We were looking for invalidation on two grounds. As I said, failure to disclose the Pooley System on an obviousness basis, and number two, the failure to disclose the Drake's installation. I understand that, but my question was where in the attorney's fees motion did you ask for attorney's fees on the theory that there was a frivolous... We referred to the summary judgment pleadings as a basis for the attorney's fees. There wasn't any separate argument in the attorney's fees as to what the basis was? Just a summary judgment submission. If you were referring to the summary judgment position, how is it now that you argue that you were entitled to further development of the facts here on the attorney's fees issue? First of all, we made a couple of comments in response to the motion to dismiss. First of all was the fact that discovery continued for another three or four months after the summary judgment submission, and that additional facts had been discovered, uncovered during discovery. But if you asked to have the attorney's fees motion decided on the basis of the summary judgment papers, why wasn't the judge entitled to do that? He was, but if it was not dispositive on the issue, then we requested a hearing. We made that request in the response to the plaintiff's motion to dismiss. The court did take up the attorney's fees issue, and because they did, the court had to apply the law of octane, and it failed to do that in its analysis of the attorney's fees, whether it was based on the summary judgment submissions or something else. The court did not consider the totality of the circumstances. The court did not apply the correct burden of proof. It talked about inequitable conduct only as an invalidating precondition to an award of fees, which would have been the standard under the Brooks Furniture line of cases. Under octane, the court was required to consider the totality of circumstances under the preponderance of the evidence standard. But isn't it that the court considered whether inequitable conduct was proven by clear and convincing evidence, and then, in determining attorney's fees, looked at whether that had been proven by a preponderance of the evidence? If you read the court's decision on attorney's fees, not once does the court mention the preponderance of the evidence burden of proof. It says that fees are denied based upon the showing of lack of invalidity under the clear and convincing standard. To show inequitable conduct, that has to be shown under clear and convincing evidence standard. Absolutely. And then once that's determined, the question is whether attorney's fees are appropriate under the preponderance of evidence. Preponderance of the evidence, applying a different test, though. Under the Brooks Furniture standards, you needed inequitable conduct or some type of litigation misconduct to get fees. Under the octane test, the court had to look at the totality of the circumstances under the preponderance of the evidence. I don't understand your argument. The only thing you argued to the court was inequitable conduct entitled due to fees. So what totality of the circumstances did the court not say, not consider? Well, because the court considered that only under the clear and convincing standard. And that's the only appropriate standard for deciding whether you meet inequitable conduct. Not every case of inequitable conduct results in attorney's fees, nor should everyone. Correct. Even a finding of inequitable conduct. So you have to first prove inequitable conduct to even get to a consideration of the attorney's fees. And once you've proven inequitable conduct by clear and convincing evidence, only then does the court look at your proof under the preponderance standard and say, hmm, in light of the proof of inequitable conduct, is there a preponderance of evidence under the totality of the circumstances that leads me to conclude that fees ought to be awarded here? It doesn't morph the inequitable conduct inquiry into some sort of preponderance standard. I don't understand your argument at all. I don't agree that that's the procedure that should be followed under octane. Because then what's happening is the trial court would be backdooring the Brooks Furniture Standards into the consideration of attorney's fees under 285. So I think you can get, even if you do not prove inequitable conduct by clear and convincing evidence, I still think when the court considers the totality of the circumstances under the lower standard of proof, you could, the court could in its discretion, award attorney's fees. Not unless inequitable conduct was proven by clear and convincing evidence. You can't even get to the attorney's fees motion if not. With all due respect, I don't believe that that's what the octane court had said. Well, you don't have any litigation misconduct here. You've got nothing else to hang your hat on. If you're going to hang your hat on inequitable conduct, you don't even get to attorney's fees unless you've established inequitable conduct. Inequitable conduct can only be established by clear and convincing evidence. Well, the other problem with the court's determination on inequitable conduct, the court wants to go there, is they decided that sua sponte based upon summary judgment submissions. There was no cross motion for summary judgment here. He didn't decide inequitable conduct. He decided you weren't entitled to attorney's fees because you haven't established inequitable conduct. I don't see a summary judgment grant in this record regarding inequitable conduct. That's correct. Now, the court just indicated that. What you're arguing, as I understand it, is that there ought to be a full trial on inequitable conduct in connection with the attorney's fees issue, even though the merits of the case went away. You're not arguing that? I think there needs to be a hearing on the totality of the circumstances. How are you going to establish inequitable conduct? Are you going to do it in that hearing? Is that the idea? Yes, sir. Would the totality of circumstances involve hearing other issues as well, or just inequitable conduct? Inequitable conduct. Remember, this case was briefed on summary judgment in August. Discovery didn't finish until October. Mr. Dole, the inventor, wasn't even deposed until October 9th. We had all this discovery and additional information. It wasn't before the court on summary judgment. Yeah, but you told the court to decide it on the summary judgment record. On the summary judgment record, you hadn't established inequitable conduct. I said, unless not dispositive. The court didn't follow the proper protocol on summary judgment. It was, in fact, dispositive, but it was dispositive against you. It was dispositive that you hadn't met the burden of proof on summary judgment to prevail. So what you're really meaning to answer, Judge Dyke, is, I think, if you're not going to find for us on summary judgment, then we demand a hearing. That's what you really mean, right? Yeah. If there was a question of fact... No. What if the court didn't say there was... The court didn't find there was a question of fact. There wasn't a cross-motion for summary judgment. It was either we prevailed on summary judgment, or if it's dismissed, this case was set for trial. But a district court can grant summary judgment sua sponte. Sure. All the evidence and all the arguments were before the court. Well, no. All the evidence was not. Well, the evidence you presented on summary judgment. That we presented on summary judgment. But we advised the court that another four months of discovery had taken place. There was additional evidence, and that if the summary judgment motion was not dispositive, in other words, there was a question of material fact, that we should have a hearing on attorney's fees. The question of material fact goes to Mr. Dole's state of mind in failing to disclose. He filed a declaration with the court that was on its face inconsistent. He said he forgot about the Drake installation at the time of prosecution, or if I remember it, I didn't think it was relevant. So the court, instead of deciding that there was a material issue of fact, and that was filed, by the way, to create the material issue of fact in the summary judgment motion. So instead of saying there's a material issue of fact, we need a hearing, the court said, no, I'm going to weigh the evidence. I think that's a sufficient excuse for failing to disclose and you didn't meet your burden. So the court didn't follow the proper protocol, summary judgment protocol, in making that decision. Let's go back for a minute to something you said earlier. You said that you thought even if you hadn't proven inequitable conduct, you were entitled to attorney's fees, even though your attorney's fees were based on inequitable conduct. Let's say for a minute that's true. I mean, the distributor here looked at the totality of circumstances, or looked at that evidence, and said you're not entitled to attorney's fees, and that's reviewed for an abuse of discretion. I don't think the court looked at all of the circumstances because it did not recognize Drake as a section 102B third-party invalidating public use. The court looked at Drake installation as a obviousness reference, and the court said, well, that might have been superfluous based upon the reference to the VECIA patent application, the prior art application. Well, then you're into the but-for materiality test. If this is a third public invalidating use, public use, prior to the critical date, which we're contending it was, then this patent should never have been issued in the first place. If that had been disclosed, there wouldn't have been a patent. But you haven't established that. That's the problem, and the attorney's fees context is not a proper vehicle for litigating the merits of the case. It can't be, right, under the Supreme Court authority that you can use the attorney's fees claim to litigate the merits of the inequitable conduct claim. Your Honor, if the district court had recognized the Drake installation as a 102B invalidating public use, I would agree with you, but the court did not. The court only recognized that and said there was no inequitable conduct because there had been other references cited, and this would have been duplicative. Is it all irrelevant anyway because the district court also said that there was no bad intent in not mentioning the reference or the prior use? Well, how can the court reach that determination on summary judgment when it's based upon a declaration which is inconsistent on its face? The court, instead of drawing the inferences against the non-movement, which would have been the defendants, the way this thing came down, because it was granted sui spante to the other side, instead of drawing all the reasonable inferences in favor of Millsna, the court accepted the inconsistent declaration on its face. So, I don't know how the district court can make that determination on summary judgment. Is your view, are you arguing to us that in a case like this where you were denied summary judgment, if there is a question of fact, is your argument that the court has to go forward and conduct an entire trial to determine whether or not there was inequitable conduct and then only after the completion of that trial evaluate whether that is not discretionary, that the trial court has no options, that if he thinks there's a question of fact embedded in the deceptive intent of Mr. Drake, then he was required to conduct a full trial and otherwise he is in all cases abusing his discretion and refusing to do so? Sure, under the summary judgment protocol. Sure? No, this isn't summary judgment. He's not deciding summary judgment, he's deciding you're not entitled to attorney's fees. Why does he have to conduct, I mean, the whole point here was to avoid litigation. So they promptly dismissed, they executed covenants not to sue and dismissed. And now you want a full-blown trial, despite the fact that there's no case or controversy, you want to force the very trial that they avoided. We don't believe that a full trial is needed. We believe a hearing is needed, probably one day. What is a hearing? Oh, an evidentiary hearing in which you would put on witnesses. One witness, probably. Well, they would have the right to put on witnesses too, right? So that's a mini-trial, not a hearing. I mean, when I think of hearings, I think of two lawyers standing up and arguing. You mean a full evidentiary hearing, a mini-trial at minimum. Yes, absolutely. So you want the court to conduct a mini-trial. I mean, how much more discovery need be done before that could even happen? How much more litigation has to occur? Discovery was closed. And the decisions, the cases cited by plaintiffs indicating that no additional evidentiary hearing was required, all had an attorney's fees request after there was full evidentiary hearings. We've had no evidence of that. Thank you. We'll give you two minutes for a little... Ms. Davis. Good morning, Your Honors. May it please the Court. My name is Amber Davis and I have the pleasure of representing the plaintiff at Poli Alpha Technology Court. Despite Milnes' arguments to the contrary, this is not an appeal of a sua sante summary judgment motion. The District Court below granted Elsa's motion to dismiss for lack of subject matter jurisdiction after we filed two comprehensive covenants not to sue and denied Milnes' request for a fee. That's why we're here. That's why it was appealed. A review of the record below makes it readily apparent that the District Court's decision was well-reasoned, supported by the record, and supported by the law. As a result, we respectfully request that the Court affirm the District Court's decision for three main reasons. First, the District Court did not abuse its discretion when it properly applied the standards set forth in Octane Fitness. Second, the District Court did not use the clear and convincing standard when it was determining whether or not the case was exceptional. It used it in reference to inequitable conduct, which is the proper standard. And third, the District Court did not grant Elsa summary judgment sua sante. And although admittedly creative, verging on frivolous, the argument has no basis in the record or the law. Under Section 285, a court in exceptional cases may award reasonable attorney's fees to the prevailing party. Octane Fitness holds that an exceptional case is simply one that stands out from others with respect to the substantive strength of the party's litigating position, considering both the governing law and the facts of the case, or the unreasonable manner in which the parties litigated the case. District courts may determine exceptionality on a case-by-case basis under the totality of the circumstances. The District Court below found that the case was not exceptional and denied Milton's request for fees in a very well-reasoned opinion. Supreme Court precedent tells us that all aspects of that opinion should be reviewed for an abuse of discretion. Abuse of discretion is a very difficult standard to meet on appeal, and although Milsner has tried to create legal errors out of isolated sentences in the court's opinion, there was no erroneous application of the law and no abuse of discretion. First, Milsner argues that the District Court neglected to look at an invalidating third-party public use, and this is the use that was at Drake's Dairy. This argument failed for two reasons. First, the devised use at Drake's Dairy was not the claimed invention. This was argued significantly at summary judgment. At summary judgment, there were eight affidavits and 52 exhibits that were filed. The parties hotly contested whether or not it was an invalidating third-party public use. And second, and most importantly, the court clearly referenced Drake's, talked about Drake's, cited to Drake's on four different occasions in the opinion. First, at pages 3 and 4 of the opinion, the court references Drake's and also cites to pages 14 to 17 of Milsner's brief, which is Milsner's argument pertaining to Drake's. Milsner attempts to selectively deconstruct the order to arrive at the conclusion that because the court used the word material, it was only referencing Drake's in an obvious disanalysis, but this isn't supported by the record. The court states at page 3 that the defendants specifically contend that Dole failed to disclose a Pulley F-50 system as known prior art to the PTO and did so with deceptive intent. The court also cites to Mr. Dole's affidavit, his entire affidavit, as well as paragraph 28 and 30. And paragraph 20 is in reference to his, to Drake's theory, and paragraph 30 is in reference to the Pulley system in general. Under octane fitness and totality of the circumstances, Milsner had failed to meet the preponderance of the evidence standard. Second, Milsner argues that in addition to failing to consider the totality of the circumstances, the district court improperly used the clear and convincing standard. This is simply untrue. And it again reflects either a misreading of the district court's order or a conscious mischaracterization of the order. The quote that Mr. Hopkins is referencing is on page 4 of the record. And the court states that defendants offer no evidence on summary judgment that rebuts this basic evidence of Dole's intent and materiality of the F-50 system in particular, much less meet the clear and convincing evidence standard of demonstrating specific intent to defraud the PTO. This selective quoting, however, ignores the context within which the district court was referencing this standard. The reason it was referencing this is because it's the appropriate standard for inexplicable conduct. And if you look below that paragraph, or above that paragraph actually, the court states that the court has little trouble concluding that this case does not stand out from other patent cases and that considered in the light of the totality of the circumstances, the defendant's case was so clear cut as to undermine the article merit of plaintiff's claims or its tactics in litigating the suit. The final sentence of that paragraph, the court states that on the paper record, therefore, this court will deny fees. Notably, the district court had already concluded that fees were not warranted. And the district court quoted the proper standard from Octane Fitness. And even if the court was using clear and convincing in reference to the 102B in validating third-party public use, that's the proper standard to review whether or not something's invalidating under Section 102. You're supposed to look at it under clear and convincing. And the court did that. The court used clear and convincing to look at Drake under 102B, 103, and inexplicable conduct, found that the defendant had failed to meet that standard, and then also held that plaintiff did nothing wrong in the litigation and there was no litigation misconduct, and then under the totality of the circumstances and preponderance of the evidence, found that Millsna was not entitled to attorney's fees. Finally, Millsna argues that the district court granted summary judgment sui sante, and they cite to the Finn Control systems for this proposition. Finn Control, Your Honors, is not analogous to this case. Summary judgment was not entered in favor of Alpha. Millsna's fee request was denied, and that's it. In Finn Control, the parties filed cross-motions for summary judgment solely on the issue of infringement. And the district court granted the defendant's motion for summary judgment on non-infringement, but also held that the patent was invalid and unenforceable. Rightfully so, the plaintiff appealed in this court, remanded the case so that the parties could fully brief or have a hearing on that. But that's not what happened here. If you look at the order, there's nothing in the order where the court says that we get summary judgment on inequitable conduct, or summary judgment is granted in favor of Alpha on attorney's fees. The court simply said that Millsna failed to meet the burden and that attorney's fees are not warranted. And once litigation has ended, whether it's through summary judgment or dismissal, the court is not required to hold a full trial on the issue of inequitable conduct as part of the attorney's fees motion, or even enter detailed findings of fact. Now, Mr. Hopkins states that the cases we cited in our brief were pre-Octane, and that there was a full trial on the merits in those cases. And he's right with respect to two of the cases, but the other two, he's wrong. So in Aspects and Wedgetail, in Aspects there was a, in Aspects, there was summary judgment which was entered on equitable estoppel, and then the defendant requested attorney's fees based on equitable estoppel and inequitable conduct, and the court found that the defendant had failed to meet the clear and convincing evidence standard for inequitable conduct and denied fees without a hearing. In Aspects, there was a claim construction hearing and a motion. They lost on claim construction, filed covenants not to sue. The court held that a hearing was not necessary. It doesn't make sense in a case where we file covenants not to sue. The case is over for us to go back and have a full blown, and it will be a trial. It will be a trial. We had eight affidavits. There will be more than one or two witnesses. And it doesn't make sense that it's a waste of our time and judicial resources, frankly, to have to go back and do a full trial on this. Importantly, MILSTA stated in its brief in response to our motion to dismiss that the issue of whether the case is an exceptional case has been fully briefed by the parties. As such, this issue should be decided on the currently pending and fully briefed summary judgment motion for if not dispositive filing trial. You're right, Judge Moore, when you said that what they really meant was if not dispositive in our favor. The court found that it wasn't dispositive. It was just in favor of Alpha instead of MILSTA. MILSTA had multiple opportunities to try and make its case for attorney's fees, but it failed to do so. It could have filed a Rule 54 motion. It could have actually fully briefed it in response to our motion to dismiss, but instead it's trying to use this court as an avenue to get attorney's fees, which is the improper forum to do so. Anything else? Based on the foregoing, we respectfully request that you rule in our favor. Okay. Thank you, Mr. Adams. Just briefly, thank you. Again, nowhere in the district court's decision did they talk about the honorance of the evidence. The court did not recognize the Drake installation as a 102B invalidating public use. And this is a situation clearly under Octane, you don't need sanctionable conduct to have an award of attorney's fees under Section 285. And this is a situation where it would be inequitable for MILSTA to incur fees, even if inequitable conduct not proved by clear and convincing evidence, since Drake's 102B use was known to Dole and at the time of prosecution was not disclosed. Thank you. Okay. Thank you, Mr. Hopkins. Thank both counsel. The case is submitted.